# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON, | Civil Action No. 2: 15-cv-1653 |
| Plaintiff, | Chief, United States District Judge |
| v. | Joy Flowers Conti |
| IVA C. DOUGHERTY, et al., | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

**II.    Report**

    A.    <u>Procedural Background and the Allegations of the Complaint</u>

On December 16, 2015, Plaintiff Andy Buxton, currently an inmate at the Allegheny County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. Buxton is proceeding *pro se* and his Motion for Leave to Proceed In Forma Pauperis ("IFP") has been granted. Service of process has not yet been made on defendants.

Buxton's Complaint consists of six handwritten pages. He names the following seven defendants in his Complaint: (1) Iva C. Dougherty, Chief Deputy Attorney General; (2) Katie A. Wymard, Deputy Attorney General; (3) Richard Miller, Narcotic Agent employed by the

1

Pennsylvania Office of Attorney General ("PAOAG") (4) Christopher Antonucci, Narcotic Agent employed by PAOAG; (5) Robert Marsili, Gaming Agent employed by PAOAG; (6) Amber Noel, Officer of the Ligonier Police Department; and (7) Scott Shank, Narcotic Agent employed by the PAOAG. Each defendant is sued individually and in his or her official capacity.

Buxton raises Fourteenth Amendment due process claims. Specifically, Buxton alleges that "falsified evidence and perjured testimony was used as a basis to create the probable cause / presentment" to the Grand Jury; that Agent Miller violated the Grand Jury Secrecy Act by leaking sealed grand jury information; and that the Deputy Attorney General "acted in concert with the Chief Deputy Attorney General, Agents, and officers when she initiated prosecution from the grand jury proceedings. . . ." As relief, Buxton seeks the following:

> (i) A declaration that Defendants' acts violated his rights under the Constitution and laws of the United States; (ii) "a preliminary and permanent injunction ordering Defendants to stop using the fabricated and perjured testimony and withholding evidence from Plaintiff. Also eliminate the prejudicial presentment therefrom immediately;" (iii) compensatory damages and punitive damages against each defendant, jointly and severally; (iv) a jury trial on all issue triable by jury; (v) Plaintiff's costs in this suit; and (vi) any additional relief this court deems just, proper and equitable.

The allegations of this lawsuit relate to Plaintiff's pending criminal case in the Court of Common Pleas of Allegheny County in which he has been charged with the following twenty-two charges: one felony count of Criminal Use of Communication Facility, in violation of 18 Pa.C.S.A. § 7512 §§ A; one felony count of Dealing in Proceeds of Unlawful Activity, in violation of 18 Pa. C.S.A. § 5111 § A(1); one felony count of Conspiracy – Manufacture, Delivery or Possession with Intent to Manufacture or Deliver, in violation of 18 Pa.C.S.A. § 903 §§ C; one felony count of Corrupt Organizations – Employee, 18 Pa.C.S.A. § 911 §§B3; one

2

felony count of Conspiracy, in violation of 18 Pa. C.S.A. § 911 §§ B4; eleven felony counts of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver, in violation of 35 Pa. C.S.A. § 780-113, §§A30; and seven misdemeanor counts of Intentionally Possessing a Controlled or Counterfeit Substance by a Person Not Registered, in violation of 35 Pa. C.S.A. § 780-113, §§ A16. Trial on these charges is scheduled for April 11, 2016, before the Honorable Anthony M. Mariani. Plaintiff is represented by the Allegheny County Public Defender's office. *See* public docket, Court of Common Pleas of Allegheny County, Docket Number: CP-02-CR-0012834-2013.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

B. <u>Legal Standard</u>

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

Plaintiff's Complaint must be reviewed in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996). In

the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. *See Santana v. United States,* 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. *See* 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir.), *cert. denied*, -- U.S. --, 132 S.Ct. 861 (2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (footnote omitted).

      B.     Plaintiff's claims are *Heck* Barred

Despite the fact that Buxton has not yet been convicted, his claims are barred based on *Heck v. Humphrey*, 512 U.S. 477 (1994). If Buxton was successful with respect to his present claims challenging his arrest, prosecution, and the pre-trial phase of his criminal case, then these claims would necessarily call into question any conviction Buxton may eventually receive. As our court of appeals has explained, the *Heck* bar applies whether a plaintiff is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.").

Since Buxton has not been convicted of the twenty-two charges filed against him, and since no conviction in the Allegheny County Court of Common Pleas has as of yet been reversed or overturned, Plaintiff's present challenge to his pending criminal case are *Heck*-barred. The rule of *Heck* bars this action and requires that it be dismissed before service pursuant to the PLRA's screening provisions for failure to state a claim upon which relief can be granted, despite the fact that Buxton has not yet been convicted.

C.  *Younger v. Harris* Abstention Doctrine

Additionally, Buxton's instant request for this Court to issue a preliminary and permanent injunction ordering Defendants to stop using the "fabricated & perjured testimony and withholding evidence from Plaintiff" and to "eliminate the prejudice presentment therefrom" is precluded by the *Younger v. Harris*, 437 U.S. 37 (1971), abstention doctrine. In *Younger*, the United States Supreme Court established an abstention doctrine by holding that federal courts may not enjoin pending state criminal proceedings. The *Younger* abstention is appropriate when three requirements are satisfied. First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. And third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

In the instant case, the Court finds that the pending state court criminal proceedings against Buxton satisfy the three requirements of *Younger* abstention. Buxton is clearly a party in an ongoing state court action and this is a proceeding of a judicial nature subject to interference if the present case was allowed to proceed. The state court criminal proceeding clearly implicates important state interests. Finally, Buxton will have an adequate opportunity to raise his constitutional claims in his state court proceeding, pre-trial, and at his trial and in any direct and collateral appeals he may file if he is convicted.

Therefore, the Court finds that Plaintiff's case satisfies the three *Younger* abstention requirements and that the *Younger* abstention doctrine bars this Court from granting the injunctive relief Plaintiff seeks.

### III. Conclusion

For the reasons set forth herein, it is respectfully recommended that the instant Complaint be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted. The dismissal should be with prejudice as amendment would be futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, Plaintiff is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

                                              s/ Cynthia Reed Eddy
                                              Cynthia Reed Eddy
                                              United States Magistrate Judge

Dated: December 23, 2015

cc: **ANDY BUXTON**
      113291
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219-3100