# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON, | ) Civil Action No. 2: 15-cv-1653 |
| Plaintiff, | ) |
| | ) Chief United States District Judge |
| v. | ) Joy Flowers Conti |
| | ) |
| IVA C. DOUGHERTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

Plaintiff Andy Buxton ("Buxton" or "plaintiff"), initiated this action on December 16, 2015, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1). He was granted permission to proceed *in forma pauperis* on December 23, 2015 (ECF No. 2) and his complaint was filed.

After screening Buxton's complaint pursuant to 28 U.S..C. § 1915A, the magistrate judge recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) as failing to state a claim (ECF No. 4). In accordance with the United Stated Magistrate Judges Act and the Local Rules of this Court, Buxton was granted fourteen days to file written objections. Buxton did not file objections. Instead, he filed a "motion of withdrawal/ and dismiss of civil action" (ECF No. 7).

1

Buxton's motion to withdraw sits at the crossroads of two intersecting interests and principles of law. On the one hand, Federal Rule of Civil Procedure 41(a)(1)(A) provides that "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). According to the United States Court of Appeals for the Third Circuit,

> [t]he Rule affixes a bright-line test to limit the right of dismissal to the early stages of litigation, which simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not. Up to the "point of no return," dismissal is automatic and immediate – the right of a plaintiff is unfettered. A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. A proper notice deprives the district court of jurisdiction to decide the merits of the case.

*In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) (internal quotations and citations omitted).

On the other hand, Rule 41 only applies "subject to . . . any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). One such applicable federal statute is 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, once an inmate receives three "strikes" by filing frivolous or meritless lawsuits, the inmate will no longer be able to avoid paying the $350 filing fee to get into federal court. As such, it can make a difference whether Buxton's case is dismissed under

2

28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) (for failing to state a claim) or simply ends under Rule 41 (pursuant to a voluntary dismissal notice).

28 U.S.C. § 1915(g) is an important provision. Litigation determined to be frivolous or that fails to state a claim requires judges, both district judges and magistrate judges, to consume resources addressing legal claims which turn out to be meritless. Section 1915(g) ensures than when a prisoner becomes a repeat filer of meritless claims, the prisoner loses the ability to continue to litigate free of charge.

Here, defendants have not been served and therefore have not filed an answer or a motion for summary judgment. However, this court agrees with the numerous district courts which have held that a district court has the power to dismiss an inmate's case pursuant to screening provisions of the Prison Litigation Reform Act ("PLRA"), even when the inmate files a Rule 41 notice of dismissal after receiving a report and recommendation as to their case, but before the district court's disposition of the report and recommendation. *See Large v. Beckham Cnty. Dist. Court,* 558 F. App'x 827, 828-29 (10th Cir. 2014); *Aldrich v. United States*, No. 13-cv-12085, 2015 WL 4448118, at *1 (D. Mass. July 17, 2015); *Ludy v. Nelson*, No. 5:13-cv-353, 2014 WL 468509, at *1 (M.D. Ga. Feb. 5, 2014); *Walker v. Sec'y, Dep't of Corr.*, No. 5:12-cv-340, 2013 WL 8445033, at *2 (N.D. Fla. Oct. 10, 2013); *Franklin v. Scott*, No. 4:12-cv-00418, 2012 WL 4742814, at *1 (N.D. Fla. Oct. 4, 2012); *Bloodworth v. Timmerman-Cooper*, No. 2:10-cv-926, 2011 WL 1740031, at *4 (S.D. Ohio May 5, 2011); *White v. Jones*, No. 09-cv-908, 2010 WL 2162634, at *2 (S.D. Ill. May 26, 2010); *Grindling v. Hawaii*, No. 09-00536, 2009 WL 4857399, at *1 (D. Haw. Dec. 16, 2009); *Stone v. Smith*, No. CV608-088, 2009 WL 368620, at *1-2 (S.D. Ga. Feb. 13, 2009); *Davis v. Bexley Police Dep't*, No. 2:08-cv-750, 2009 WL 414269,

at *1-2 (S.D. Ohio Feb. 17, 2009); *Dreiling v. Henderson*, No. 04-3451, 2005 WL 1705733, at *2 (D. Kan. July 21, 2005); *Hines v. Graham*, 320 F. Supp. 2d 511, 528-29 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998).

For the reasons set forth in the magistrate judge's report and recommendation (ECF No. 4), which will be adopted as the opinion of this court, Plaintiff's complaint (ECF No. 5) will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff's "motion to withdraw / and dismiss" will be denied.

An appropriate Order will be entered.

BY THE COURT,

Dated: January 8, 2016

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

cc: **ANDY BUXTON**
113291
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

4