# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 2:15-cv-1653 |
| IVA C. DOUGHERTY, *et al.*, | ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge

The Second Amended Complaint in the present action was filed with this court on September 22, 2017. (ECF No. 46). The case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

Before the court are three Reports and Recommendations (individually, an "R&R") of the magistrate judge (ECF Nos. 101, 102, and 108), recommending as follows:

1. R&R dated March 8, 2018 (ECF No. 101): Motion for Summary Judgment filed by defendant Paul Iannetti (ECF No. 77) be granted, and that the Motion to Deny Motion for Summary judgment filed by plaintiff Andy Buxton ("Plaintiff") (ECF No. 81) be denied;

2. R&R dated March 13, 2018 (ECF No. 102): Defendant Rivers Casino's Motion to Dismiss (ECF No. 61) be granted and that all of Plaintiff's claims against Rivers Casino be dismissed with prejudice; and

3. R&R dated April 27, 2018 (ECF No. 108): The Motions to Dismiss for failure to state a claim (ECF Nos. 53, 58, 92, 98) filed by defendants Pennsylvania Office of

Attorney General, Iva C. Dougherty ("Dougherty"), Katie A. Wymard ("Wymard"), Richard Miller ("Miller"), Robert Marsili ("Marsili"), Andrew Toth ("Toth"), Christopher Antonucci ("Antonucci"), Scott Shank ("Shank"), Dan Sammartino ("Sammartino"), Allegheny County, City of North Huntingdon ("North Huntingdon") and Amber Noel ("Noel") be granted and that all claims against those defendants be dismissed with prejudice.

In each instance the parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, they had fourteen days to file any objections and that failure to file timely objections will constitute a waiver of appellate rights. Plaintiff filed Objections to the Reports and Recommendations (ECF Nos. 105, 106, 109) and one defendant, Iannetti, filed a Response in Opposition (ECF No. 107). The matter is ripe for disposition.

The district court must make a *de novo* determination of those portions of a report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir.1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions.

After a review of the Plaintiff's objections, the court concludes that some have merit, but most do not, and will adopt in part and reject in part the R&Rs as the Opinion of the court.

1. Objections Applicable to All Three R&Rs

   a. Blanket Challenge to Magistrate Judge Authorization

The first objections to be addressed are related to the powers granted to the magistrate judge by statute and local rule, as mentioned *supra*. In each of his three objections to the R&Rs, Plaintiff objects "to the Magistrate Judge in regards she is not authorized to hear nor recommend

that plaintiff [sic] case be dismissed." (ECF No. 105 at 1, No. 106 at 1, No. 109 at 1). These objections are overruled. The Magistrate Judges Act provides express authorization for the district court judge to designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of dispositive motions. 28 U.S.C. § 636(b)(1)(B). Plaintiff was afforded an opportunity, by statute and local rule, to file any objections to the magistrate judge's recommendation, and the recommendation is subject to *de novo* review. 28 U.S.C. § 636(b)(1)(B); LCvR 72D. This Memorandum Opinion reflects the *de novo* review to which the parties are entitled.

      b.    Request for Appointment of Counsel

Plaintiff objects to the court's failure to appoint counsel citing the complexity of his case. (ECF Nos. 105 at 1, 109 at 1; *see* 106 at 1). These objections are overruled. "[I]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). This matter was previously explained to Plaintiff in a Memorandum Order dated November 3, 2017. (ECF No. 71 at 1). To the extent Plaintiff seeks reconsideration of that ruling, the request is denied, for the reasons stated in that same Order and because he did not present any evidence or argument which would change the court's discretionary decision after application of the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

      2.    Objections to R&R 101: Defendant Iannetti

Next, Plaintiff objects to the recommendation that because he failed to comply with the legal requirement that he file a certificate of merit ("COM"), attorney Iannetti's Motion for Summary Judgment be granted and that Plaintiff's claims against attorney Iannetti be dismissed

with prejudice.[1] The magistrate judge was correct in her analysis. The requirement that litigants comply with the COM requirements apply with equal force to *pro se* litigants, as the case law cited in the R&R holds. *Hodge v. U.S. Dept. of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010); *Iwanejko v. Cohen & Grigsby, P.C.* 249 F. App'x 938, 944 (3d Cir. 2007). Even so, rather than accepting the recommendation that summary judgment be granted and judgment entered in favor of Ianetti, the court will instead grant Ianetti's motion to dismiss (ECF No. 63). This disposition is appropriate under the circumstances and procedural posture of the case. *See Schmiegal v. Uchal*, 800 F.3d 113, n.13 (3d Cir. 2015) (explaining impact of the difference in deadlines for filing a motion for summary judgment *vis*. motion to dismiss under the Federal Rules of Civil Procedure on the grounds of failure to meet COM requirements under Pennsylvania law). Any attempt at amendment would be futile, and the dismissal as to Iannetti[2] is with prejudice.

3. Objections to R&R 102: Defendant Rivers Casino

In his Second Amended Complaint Plaintiff alleges defendant Rivers Casino provided falsified documents to agents of the Commonwealth Attorney General's Office that were thereafter used in criminal proceedings against him. He alleges that Rivers Casino engaged in a civil conspiracy with other defendants to deny his rights as protected by the First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

Rivers Casino responded to the allegations by filing a motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 61). The magistrate judge did not treat the pending motion as a motion for summary judgment; rather, based upon the face of the complaint,

---

[1] This is the only portion of the recommendation that Plaintiff objects to with respect to defendant Ianetti, and thus, as he was advised, he has waived appellate rights on any remaining issues. *Brightwell v. Lehman,* 637 F.3d 187 (3d Cir. 2011). This waiver includes the recommendation that his claims of conspiracy be dismissed as failing to state a claim as well as dismissal for failure to file within the applicable one- and two- year statutes of limitation.

[2] Furthermore, Plaintiff's failure to meet the COM requirements in specific and timely fashion would also have been fatal to his claims sounding in professional malpractice against attorneys Parker and Raiford (counsel of record at various times in the state court proceeding), had they filed a notice and motion to dismiss.

4

as described therein, recommended dismissal. The basis for the motion is twofold: first, Rivers Casino argues Plaintiff's claims are time-barred, and second, in the alternative, that Plaintiff failed to state a cognizable claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff objects to the recommendation that the court dismiss his claims as to Rivers Casino on the ground that he failed to name it as a defendant within the period of the applicable statute of limitations. The face of the Second Amended Complaint alleges, by Plaintiff's own admission, that he discovered the alleged fabricated evidence giving rise to his claims on January 15, 2014. The Second Amended Complaint states, "after review of the incomplete discovery, preliminary transcripts, criminal complaint, and presentment. . . Plaintiff discovered *all* the fabricated evidence, perjured testimony, and the failure to preserve evidence. Also the withheld exculpatory material and missing impeachment evidence from the supplements. Plaintiff importantly noticed that all affidavits were altered to fit the circumstances surrounded [sic] them." (ECF No. 46 at 6) (emphasis added).

In response to the Rivers Casino's argument, however, and despite the wording of his pleading, Plaintiff states that the evidence from Rivers Casino was not revealed to him until it was presented during trial. The uncontroverted publically-available dockets shows Plaintiff's criminal trial dates changed ten times, the last date being April 12, 2016. Rivers Casino was first named as a defendant on June 9, 2017, (ECF No. 16), thus, (assuming the evidence later supports Plaintiff's allegation), calling into question the recommendation that the action against Rivers Casino be dismissed as time barred.

In its response, Rivers Casino explains it supplied documents to prosecutors and law enforcement officials in response to three subpoenas, and attaches to its response certain

5

exhibits.[3] Yet it is black letter law that to decide a motion to dismiss, courts consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and where appropriate, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). A plaintiff's claims are based on a document if the document is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The subpoenas themselves are not integral to the plaintiff's complaint, and therefore, the magistrate judge was correct in not relying on them. In order to convert defendant's motion to dismiss into a motion for summary judgment, the parties must be given notice that the court intended to convert this motion and consider evidence not contained in the pleadings. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) (decision to consider evidence outside the complaint and convert a motion to dismiss into one for summary judgment is generally committed to the courts' discretion.) In the absence of notice that the motion would be converted to a motion for summary judgment, the magistrate judge correctly did not consider the matters outside the pleadings.

Given Plaintiff's representation to the court that the Rivers Casino documents were not

---

[3] These documents included two grand jury subpoenas from the Commonwealth of Pennsylvania Statewide Investigative Grand Jury dated September 10, 2012, and November 8, 2012, and relate to Plaintiff's gaming activity at the casino. The first requests information dated from September 1, 2012, through September 12, 2012; the second requests information over a larger timeframe, May 1, 2012, to November 8, 2012. Rivers Casino avers that it complied with the subpoenas and did not have any further involvement with the grand jury's investigation of Plaintiff.

Rivers Casino also attached to its motion evidence that it received a third subpoena related to Plaintiff, issued by the Honorable Donna Jo McDaniel on October 2, 2014 in conjunction with the Court of Common Pleas of Allegheny County, Pennsylvania Criminal Division, Andy Buxton No. 12834-2013 and Carl Buxton No. 151-2014, (hereinafter, the "State Court Subpoena"). The State Court Subpoena directed Rivers Casino to provide "all video surveillance footage pertaining to gaming activity for Andy and Carl Buxton from 2010 through 2014." Rivers Casino asserts it responded fully and in good faith to the State Court Subpoena by providing the items requested therein. Rivers Casino denies that it provided false, fabricated or misleading information in response to the State Court Subpoena. After responding to the State Court Subpoena, Rivers Casino avers, it did not have any further involvement with Plaintiff's state court criminal proceedings.

revealed to him until the actual trial date in April 2016, the court rejects the R&R to the extent it recommends dismissal on the grounds of timeliness. If Plaintiff proves his representation this claim would be within the two-year statute of limitations.

In addition, court overrules Plaintiff's objection to the R&R wherein it was recommended that plaintiff's claims of a conspiracy as to Rivers Casino be dismissed on the ground that they do not comport with the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). That portion of the R&R is adopted as the Opinion of the court. The claims against Rivers Casino set forth in the Second Amended Complaint will be dismissed without prejudice and he may file a motion for leave to amend his complaint as to his claims against Rivers Casino. Plaintiff is placed on notice that if he seeks leave to amend his complaint, and that leave is not granted, the court will not grant him another opportunity to amend his complaint.

    4.    Objections to R&R 108: Defendants Wymard, Dougherty, Toth, Miller, Antonucci, Marsili, Shank, Sammartino, Allegheny County, North Huntingdon, Noel

The Second Amended Complaint alleges defendants engaged in a civil conspiracy to deny his rights as protected by the First, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. (ECF No. 46 at 10). He cites to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Plaintiff also alleges pendant state law claims of "fabrication of evidence," malicious prosecution, abuse of process, "prima facie tort," "conspiracy tort," negligence, gross negligence, defamation, false light privacy, and intentional infliction of emotional distress. (ECF No. 46 at 10).

    a.    Claims against AG Defendants

Plaintiff named as defendants various employees of the Pennsylvania Office of the Attorney General: Dougherty (Chief Deputy Attorney), Wymard (Deputy Attorney General), Toth (Supervisor), Miller (Narcotics Agent), Antonucci (Narcotic Agent), Marsili (Gaming

7

Agent), Shank (Narcotic Agent) and Sammartino (Narcotic Agent) (collectively, the "AG Defendants"). Plaintiff alleges the AG Defendants conspired to obstruct justice with fabricated evidence and perjured testimony and further, withheld exculpatory evidence and used an unconstitutional suggestive lineup which resulted in the improper identification of Plaintiff by a witness.

Plaintiff objects to the recommendation that his claims against prosecutorial defendants and employees of the Pennsylvania Attorney General's Office be dismissed on the ground of 11th Amendment immunity and absolute prosecutorial immunity, and the Office of the Attorney General on the grounds of sovereign immunity. He argues that immunity does not apply when these defendants performed administrative tasks unrelated to their prosecutorial functions and does not apply to actions against the AG Defendants alleged to have acted willfully and who are sued in their individual capacities.

A fair reading of the Second Amended Complaint, however, does not support a plausible claim for relief. The AG Defendants are alleged to have been acting within the scope of their employment and in preparation of the Commonwealth's case, and the Eleventh Amendment immunity bars all of Plaintiff's federal claims against the Office of the Attorney General and the individual AG Defendants who were employees of the Attorney General's Office (Dougherty, Wymard, Miller, Marsili, Toth, Antonucci, Shank and Sammartino) sued in their official capacity. Prosecutors are arms of the State for purposes of Eleventh Amendment immunity when sued for damages under 42 U.S.C. § 1983 for claims arising out of their classic law enforcement and investigative functions. *Beightler v. Office of Essex County Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (citing *Coleman v. Kaye*, 87 F.3d 1491, 1499-1505 (3d Cir. 2009)).

Plaintiff is correct that state officials sued in their "individual capacities" are "persons" vulnerable to suits under § 1983, and do not enjoy sovereign immunity under the Eleventh

8

Amendment. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."); s*ee also Estate of Lagano*, 769 F.3d at 857. Defendants named in their individual capacities remain amenable to suit under § 1983 as "persons," and may assert personal defenses to liability. *Hafer*, 502 U.S. at 25; *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014).

One such defense is that prosecutors have absolute prosecutorial immunity from Plaintiff's claims. A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from §1983 money damages. *Imbler v. Pachtman,* 424 U.S. 409, 420 (1976). Absolute immunity requires a "functional analysis" of the particular task that the prosecutor is performing. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. *Mancini v. Lester*, 630 F.3d 990, 993 (3d Cir. 1980). Prosecutors are even absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. "Prosecutorial immunity applies even if the prosecutor acted willfully, maliciously, or in bad faith." *Fuchs v. Mercer Cnty.*, No. 06CV0821, 2006 WL 2642408, at *2–3 (W.D. Pa. Sept. 13, 2006), *aff'd,* 260 F. App'x 472 (3d Cir. 2008) (citing *Imbler*, 424 U.S. at 427, 428 n. 27; *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 502 (3d Cir. 1997)); *see also Van De Kamp v. Goldstein,* 555 U.S. 335 (2009). Thus, the claims against to defendants Wymard, Dougherty and Toth acting in their individual capacities are dismissed with prejudice on the grounds of prosecutorial immunity. To permit amendment would be futile.

This immunity extends to the AG Defendants who, as alleged, were involved in the investigation of the Plaintiff's alleged criminal conduct (Miller, Marsili, Antonucci, Shank, and

Sammatino). *Imbler* is not chiefly concerned with one's title, but with actions "intimately associated with the judicial phase of the criminal process." *Imbler,* 424 U.S. at 430. The Third Circuit Court of Appeals has explained:

> An investigator directly employed by the district attorney to do a particular investigative job related to the prosecution of an accused is not the equivalent of the ordinary police officer, who is empowered by the state to initiate discretionary acts depriving others of their rights and whose many activities in the prevention of crime and enforcement of law need not be related to the judicial process.

*Black v. Bayer*, 672 F.2d 309, 321 (3d Cir. 1982) *abrogated on other grounds by D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364 (3d Cir. 1992). These defendants are alleged, among other things, to have presented perjured and fabricated testimony about controlled purchase of drugs, and fabricated statements on a pen register affidavit.

This objection is overruled. The Third Circuit Court of Appeals has instructed district courts to allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). Here, the court finds that amendment would be futile, as the aforementioned actions of the AG Defendants are immune from suit under § 1983. Accordingly, the court will not grant Plaintiff leave to amend.

      b.      Objection to immunity under the PSTCA

Plaintiff named as defendants Allegheny County, North Huntingdon, and Noel, an officer employed by the Ligonier Borough Police Department. Plaintiff objects to the recommendation that his pendant state law claims sounding in tort against Allegheny County, North Huntingdon,

and Noel should be dismissed on the grounds of immunity granted in the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. § 8541, *et seq*. Local agencies such as the North Huntingdon (where Noel worked) and Allegheny County are immune from liability in tort, except in limited situations which do not apply here; agency officers acting in their official capacities are immune from liability for damages arising out of injuries to persons or property. *Airgood v. Township of Pine*, C.A. No. 14-1249, 2016 WL 1247237 (W.D. Pa. Mar. 30, 2016). Thus, claims against North Huntingdon, Allegheny County, and Noel in her official capacity are dismissed with prejudice.

Plaintiff objects to dismissal where he has alleged pendant state law claims which allege willful misconduct. The PSTCA does not shield an employee from liability where his conduct constitutes a "crime, actual fraud, actual malice, or willful misconduct." *Dix v. City of Phila.*, C.A. No. 150532, 2015 WL 4624248, at *4 (E.D. Pa. Aug. 3, 2015) (citing 42 Pa. Cons.Stat. § 8550). The R&R is correct that there is no statutory exception for personal injuries arising from an alleged criminal conspiracy, malicious prosecution or negligent act under the PTSCA. 42 Pa. Cons. Stat § 8542(b)(1)-(8). The only local agency employee named herein, Noel, is an officer of the Ligonier Borough Police Department who testified in the criminal proceeding. The Second Amended Complaint fails to allege facts with sufficient specificity to support Plaintiff's claim. The Second Amended Complaint does not distinguish between her conduct as it may relate to the charges that he was found guilty of, as opposed to the charges he successfully defended.

Even if the claims against Noel would be construed to have been plausibly pled, as the R&R explains, because Plaintiff's claim against her is based solely upon her testimony in his criminal case; she, along with others who are named in this action based upon testimony at Plaintiff's preliminary hearing or trial trial (agent Marsili, and informant Hoey) would be

immune from civil claims. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Williams v. Hepting,* 844 F.2d 138, 141 (3d Cir. 1988) (the doctrine of absolute witness immunity applies to testimony given at pretrial hearings); *Kennedy v. City of Philadelphia*, C.A. No. 17-2338, 2018 WL 583126, at *3 (E.D. Pa. Jan. 26, 2018). Plaintiff's objections are overruled and Noel's motion to dismiss will be granted with prejudice, as any amendment would be futile.

      c.     *Monell* claims

Plaintiff objects to the R&R's recommendation that the claims against Allegheny County and North Huntingdon pursuant to *Monell v. New York City Deptartment of Social Services*, 436 U.S. 658, 692 (1978), be dismissed for failure to state a claim. The recommendation is adopted to the extent plaintiff failed to alleged facts to infer that any alleged policy or custom had a nexus with his injuries. The claims, however, will be dismissed *sua sponte* with prejudice. A *Monell* claim against municipal defendants will not lie where plaintiffs have failed to show they suffered a constitutional violation, *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir.1989) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) ("[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point"); *Marable v. West Pottsgrove Twp.*, 176 F. App'x 275, 283 (3d Cir. 2006).

    5.     Request for Entry of Default

The R&Rs do not address Plaintiff's "Declaration for Entry of Default" (ECF No. 110) in which he requests entry of default with respect to defendants Keith J. Hoey ("Hoey") and Sumner Parker ("Parker"). This motion will be denied. Hoey was named in the Second Amended Complaint as "an informant who was under the direction and supervision of Narcotic agent [M]iller." (ECF No. 46 at 2). The Clerk of Court did not enter default as to Hoey because

Hoey has not been properly served. *Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D. Pa. 1997). In the absence of a waiver, pursuant to Federal Rule of Civil Procedure 4(c)(3), the court directed the United States Marshal to serve the Second Amended Complaint on defendants (ECF No. 41); the Marshal attempted to effect service by sending a copy of the summons and complaint to Hoey by certified mail to the address provided by Plaintiff. The record of this attempt at service of the summons and complaint appears at ECF No. 73 at 2; the mail article was addressed to "Keith J. Hoey, c/o Office of the Attorney General, Strawberry Square, Harrisburg, PA 17120." There is no return receipt stamp from the U.S. Post Office. Instead, the signature line includes a stamped copy of an employee of this court, indicating the summons and complaint were returned without the Hoey or his agent having received or signed for it themselves. Accordingly, Plaintiff's request for entry of default with respect to Hoey is denied on the ground of improper service. Fed. R. Civ. P. 55.

The court rejects the recommendation that claims against Hoey be dismissed *sua sponte* on this basis. Federal Rule of Civil Procedure 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff was given notice of the requirement for service twice. (ECF 18, 41) ("no Defendant is required to respond to the complaint until he has accepted a copy of the complaint from the United States Marshal and waived service, or has been served. Therefore, a motion for default cannot properly be filed unless the Defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within sixty (60) days after the Marshal's notice has been mailed, if service is waived pursuant to the notice, or twenty-one (21) days after being served."). However, Plaintiff was not given an opportunity to demonstrate good cause for his failure to timely serve Hoey, and appears to be under the

impression that Hoey was served.

Regardless, the court adopts the recommendation that all claims against Hoey be dismissed on the grounds of immunity as discussed supra. Hoey, who is alleged to have testified as a police informant, is immune from § 1983 damages based on his testimony. *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001). Thus dismissal is with prejudice with respect to Hoey. In the absence of a federal claim, the court need not exercise jurisdiction over any pendant state law claims against him. 28 U.S.C. § 1367(c).

With respect to Parker, who, like Hoey, failed to file a responsive pleading to the Second Amended Complaint, but who appears to have been properly served, the court will adopt the recommendation that all claims against him (as well as Plainitff's appointed counsel attorney Raiford) be dismissed *sua sponte* on the grounds stated in the R&R. (ECF No. 108 at 10-11). It is well settled that a "public defender does not act under color of state law [within the meaning of Section 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Black v. Bayer*, 672 F.2d 309 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992) (holding that "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983"); *Cooper v. Turner*, C.A. Nos. 87–2537, 87–2831, 1987 WL 11481 at *1 (E.D. Pa. May 27, 1987); *see Briscoe v, LaHue*, 460 U.S. 325, 330 (1983) ("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner ... the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983"). Here, the alleged actions or omissions of Parker fall within the ambit of a lawyer's traditional function as criminal defense counsel. Because Parker was not

acting under color of state law, he is not subject to liability under 42 U.S.C. § 1983.

Plaintiff's allegations against Parker and Raiford appear to raise a claim in the nature of legal malpractice. As such, it is a pendent state law claim under Pennsylvania law, over which this court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this court already determined that these defendants are not subject to liability under 42 U.S.C. § 1983, this court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claims against them. 28 U.S.C. § 1367(c). Even if this court chose to exercise supplemental jurisdiction over Plaintiff's legal malpractice claims, those claims would still be subject to dismissal because Plaintiff failed to attach a Certificate of Merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. *See Abdulhay v. Bethlehem Medical Arts, L.P.,* C.A. No. 03-04347, 2005 WL 2416012, at *5 (E.D. Pa. Sept. 28, 2005) (citing *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000) (concluding that "Pa. R. Civ. P. 1042.3 constitutes substantive Pennsylvania law which is applicable in federal courts")). As a result, Plaintiff's claims against Parker and Raiford are dismissed. The request for default is denied. Because those defendants who represented Plaintiff in his criminal proceedings are not capable of being sued and Plaintiff's claims against them are legally flawed, amendment of the complaint would be futile.

Conclusion

For the reasons set forth in the magistrate judge's R&Rs, which will be adopted in part and rejected in part as the opinion of this court as explained herein, Plaintiff's Second Amended Complaint (ECF No. 46) will be dismissed without prejudice to amend the remaining claim of conspiracy on the part of Rivers Casino. Plaintiff is cautioned that he must file a motion for leave to file a Third Amended Complaint and if that motion is not granted, he will have no further opportunity to amend. The opportunity to file a motion for leave to amend is not an

invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the claims.

    An appropriate Order will be entered.

BY THE COURT:

Dated:  July 23, 2018

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Court Judge

cc:    ANDY BUXTON
       MS 1885
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137
       (via U.S. First Class Mail)

       Record counsel (via CM-ECF electronic notification)