**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANDY BUXTON,      )
     )
         Plaintiff,      )
     )
v.      )    Civil Action No. 2:15-cv-1653
     )
RIVERS CASINO,      )
         Defendant.      )

## MEMORANDUM OPINION

<u>Introduction</u>

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On January 15, 2020, the magistrate judge entered a Report and Recommendation ("R&R") (ECF No. 205), recommending that the motion for summary judgment filed by Rivers Casino, (ECF No. 192) be granted. Plaintiff Andy Buxton ("Buxton") filed timely objections to the R&R (ECF No. 206). Rivers Casino filed a response in opposition to the objections (ECF No. 207). Buxton filed a motion for leave to file a supplement, which the court construed as a reply brief. The matter is ripe for disposition.


<u>Factual and Procedural Background</u>

Rivers Casino is the sole remaining defendant in this case. In the operative Third Amended Complaint (ECF No. 139), Buxton asserts that Rivers Casino engaged in a civil conspiracy with other defendants to deny his rights as protected by the First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution. Buxton's theory is that Rivers Casino provided falsified documents to agents of the Commonwealth Attorney General's Office that

were thereafter used in criminal proceedings against him.

Rivers Casino explained in its concise statement of material facts ("CSMF") (ECF No. 194) that it supplied documents and video surveillance footage about Buxton's gambling activities in response to two subpoenas from a Pennsylvania grand jury, and one subpoena from the Allegheny County Court of Common Pleas.[1]  Rivers Casino asserts it provided true and correct copies of the items requested therein. (ECF No. 194 ¶¶ 18-21). Rivers Casino asserts that it does not have any reason to believe that the information it provided in response to the subpoenas was inaccurate in any respect.  (ECF No. 194 ¶ 22).  Aside from providing responses to the subpoenas, Rivers Casino had no involvement in any hearing or proceeding related to Buxton.  (ECF No. 194 ¶ 17).

Buxton filed an affidavit and a response to the CSMF which included rambling denials of the relevant paragraphs.  (ECF Nos. 200, 201).  In the R&R, the magistrate judge explained that conclusory or speculative denials, not based on facts within the personal knowledge of the witness, may not be considered in opposing summary judgment.  The magistrate judge observed that Buxton had been put on notice of his obligation by an order dated July 19, 2019 (ECF No. 184).  The magistrate judge concluded that Buxton failed to point to any record evidence that would create a genuine dispute about the accuracy of Rivers Casino's CSMF.

On the merits, the magistrate judge concluded that Buxton's § 1983 civil conspiracy claim failed for two reasons:  (1) Rivers Casino was not a state actor, and did not act "in concert with" state officials merely by responding to a subpoena; and (2) there was no evidence of any

---

[1] There were two grand jury subpoenas from the Commonwealth of Pennsylvania Statewide Investigative Grand Jury dated September 10, 2012, and November 8, 2012, that relate to Plaintiff's gaming activity at the casino.  The first requests information dated from September 1, 2012, through September 12, 2012; the second requests information over a larger timeframe, May 1, 2012, to November 8, 2012. The third subpoena was issued by the state trial judge on October 2, 2014, in conjunction with two state court cases in the Court of Common Pleas of Allegheny County, Pennsylvania Criminal Division: Commonwealth v. Andy Buxton, Case No. 12834-2013 and Commonwealth v. Carl Buxton, Case No. 151-2014, (hereinafter, the "State Court Subpoena"). The State Court Subpoena directed Rivers Casino to provide "all video surveillance footage pertaining to gaming activity for Andy and Carl Buxton from 2010 through 2014."  (ECF No. 194 ¶ 14).

"agreement" to deprive Buxton of his constitutional rights.

The magistrate judge exercised supplemental jurisdiction over a state law civil conspiracy claim, which arguably remained in the case. The magistrate judge held that Buxton's state law claim failed as a matter of law, for several reasons: (1) there is no evidence that the requisite underlying tort, i.e., malicious prosecution, occurred; (2) there is no evidence that Rivers Casino entered into an agreement to commit a tort; and (3) there is no evidence that Rivers Casino acted with malice or had any intent to harm Buxton. The magistrate judge recommended that summary judgment be granted in favor of Rivers Casino.

Legal Analysis

The district court must make a *de novo* determination of those portions of a report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir.1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. After a review of the Buxton's objections, the court concludes that they are without merit, and will adopt the R&R as the opinion of the court, as supplemented herein.

Buxton argues, in his objections, that he complied with the court's procedures for responding to summary judgment because his affidavit was notarized. He also argues that he created a material dispute of fact that requires a jury trial because he saw Rivers Casino employees at his trial. Buxton also points to alleged discrepancies on the face of the documents in Rivers Casino's appendix, because they reference to numerous different account numbers and

players card numbers.[2]  Buxton contends that the video does not depict him gambling $275,295.

Buxton reasons that because the evidence was false and incomplete, it can be inferred that Rivers

Casino acted in bad faith and malice and agreed with the state in providing that information, such

that his conspiracy claims should be decided by a jury.  The court concludes that these objections

lack merit.

The magistrate judge properly applied the rules governing responses to summary

judgment.  At the summary judgment stage, Buxton cannot merely accuse Rivers Casino of

providing inaccurate, fabricated or incomplete information.  Instead, he must come forward with

actual admissible evidence in support of that position.  The court's order of July 19, 2019,

specifically instructed Buxton that "all affidavits, opposing or counter affidavits must be based

upon the personal knowledge of the person executing the affidavit."  (ECF No. 184).  That order

also instructed Buxton that he was required to comply with Local Rule 56.C in responding to the

CSMF, including appropriate citations to the record setting forth the basis for denials of any fact.

*Id.*  Buxton was warned that Rivers Casino's proposed facts "will for the purpose of deciding the

motion for summary judgment be deemed admitted unless specifically denied or otherwise

controverted."  *Id.*  Buxton failed to properly contest any of Rivers Casino's facts by citation to

other facts in the record and did not submit his own appendix (other than his personal affidavit.)

Buxton may have seen Rivers Casino personnel in the courtroom on several occasions.  Buxton

did not, however, present any admissible evidence to create a genuine dispute about whether the

documents or video surveillance footage provided by Rivers Casino had been falsified or that

Rivers Casino entered into any kind of agreement other than its response to the subpoenas.  His

---

[2] In its response to the objections, Rivers Casino explains that an individual can have multiple Player Club Cards, but all cards will have that individual's patron identification number.  (ECF No. 207 at 2 n.1).  In his reply, Buxton argues that he was issued numerous cards without his authorization and not all were registered under his identification number.  (ECF No. 208).  This dispute is not material.  As the magistrate judge recognized, there is no evidence in the record from which a reasonable jury could conclude that River Casino conspired with the state to violate Buxton's civil rights.

unsupported speculation about falsification is not cognizable.

The magistrate judge's application of the law governing § 1983 civil conspiracy claims was correct. Rivers Casino is entitled to judgment as a matter of law because Buxton failed to demonstrate state action. *See McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 524 (3d Cir. 1994) (no state action where person acted only as an observer). Rivers Casino is alternatively entitled to judgment as a matter of law because Buxton failed to demonstrate "that two or more conspirators reached an agreement to deprive him [ ] of a constitutional right under color of law." *Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (quoting *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir.1993).

The magistrate judge's analysis of the law governing a Pennsylvania civil conspiracy claim was correct. "Under Pennsylvania law, to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *Kretulskie v. Madison Nat'l Life Ins. Co., Inc*., No. 3:18-CV-1357, 2019 WL 5866694, at \*4 (M.D. Pa. Oct. 9, 2019) (citations omitted). To succeed, a plaintiff must also demonstrate that an underlying tort occurred and the defendant acted with malice. *Id*. As the magistrate judge explained, Buxton's claim, assuming it was pleaded in the third amended complaint, fails as a matter of law in numerous respects, including a lack of record evidence that Rivers Casino acted in concert with another party, committed an underlying tort, or intended to harm Buxton. R&R at 13-16.

<u>Conclusion</u>

For the reasons set forth above, the magistrate judge's January 15, 2020 R&R (ECF No. 205), will be adopted as the opinion of this court as supplemented herein. Plaintiff Andy Buxton's objections to the R&R (ECF No. 206) will be DENIED. The motion for summary judgment filed by Rivers Casino (ECF No. 192) will be GRANTED. This case will be marked closed.

An appropriate order and judgment will be entered.


BY THE COURT:

Dated: March 4, 2020                    <u>/s/ *Joy Flowers Conti*</u>
                                        Joy Flowers Conti
                                        Senior United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANDY BUXTON,                )
                                  )
        Plaintiff,         )
                                  )
v.                             )   Civil Action No. 2:15-cv-1653
                                  )
RIVERS CASINO,          )
        Defendant.      )

## ORDER

AND NOW, this 4th day of March, 2020, it is hereby ORDERED that for the reasons set forth in the memorandum opinion: the magistrate judge's January 15, 2020 R&R (ECF No. 205), will be adopted as the opinion of this court as supplemented therein. Plaintiff Andy Buxton's objections to the R&R (ECF No. 206) are DENIED. The motion for summary judgment filed by Rivers Casino (ECF No. 192) is GRANTED. This case shall be marked closed.

BY THE COURT:

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Court Judge

cc:    ANDY BUXTON
       MS 1885
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137
       (via U.S. First Class Mail)